## PHOTOKOS v YOUNGSTOWN (city)

Ohio Appeals, 7th Dist, Mahoning Co

No 2320. Decided October, 1936

Knight & Gluck, Youngstown, for appellee.

Vern B. Thomas, Youngstown, and William E. Lewis, Youngstown, for appellant.

## OPINION

By NICHOLS, J.

Mike Photokos began an action in the Court of Common Pleas of Mahoning County against the City of Youngstown to recover damages for personal injuries alleged to have been sustained when he fell through a steel trap door located in the northerly sidewalk of East Boardman Street, a duly dedicated public thoroughfare in the city of Youngstown. The case was tried to a jury and resulted in a verdict of $2,000 in favor of the plaintiff. Motion for a new trial was filed by the defendant and overruled and judgment entered in favor of the plaintiff in the amount returned in the verdict. From that judgment the city of Youngstown is appealing on questions of law.

Appellant bases its sole reason for reversal in this case on the ground that the verdict is excessive and is manifestly against the weight of the evidence. Appellant frankly admits that the primary obligation rests upon the municipality, under and by virtue of §3714, GC, to keep its streets open, in repair and free from nuisance, and that its failure so to do constituted actionable negligence.

An examination of the record discloses that appellee fell through the broken portion of the trap door so that he was in the hole up to his stomach. Appellee was under the doctor's care for about one month, the doctor examining him and giving him necessary treatment and medication about six times.

The evidence discloses that appellee's right leg turned a dark blue color and remained so for about six weeks; that appellee was unable to walk around for approximately six weeks, and after that period he required the use of a cane for about two months. Appellee further testified that his back still hurt him. The record further discloses that previous to the accident appellee was engaged in his trade as a painter; that he had never had any trouble with his leg before, and being asked whether or not he has been able to follow his trade since the accident, he replied as follows, through an interpreter:

"A. No, he says he can't follow it on account he can't follow his trade, on account he went once to start work, when he went up the ladder in order to do the work he became dizzy so he had to quit.

Q.` What are some of the other effects that this fall had on you generally?

A. He says his back is the only place that it hurt him once in a while now and the dizziness he gets when he does try to do some work.

Q. Has he gained or lost weight since this accident?

A. He lost thirty pounds."

Dr. Rosenfeld, the physician who treated appellee, testified as follows:

"Q. Tell us what you did and what you found?

A. I examined this man and found that he sustained a lumbro-sacral strain, that is, a strain of the muscles and ligaments involving the lower portion of his back, also a sprain of the right hip, also numerous contusions and bruises about the right knee and leg, also a contusion and a bruise over the right tibia, just below the knee, that is, about this region here, with some damage to the periosteum, that is the covering of the bone called the tibia, that is this large shin bone, this we call a tibial periostitis.

Q. Is that a painful injury, Doctor?

* * *

A. Extremely painful."

Dr. Rosenfeld further testified that he gave the patient an antiseptic dressing to keep the bruises on the skin clean and moist, to reduce the inflammation and relieve the pain; that appellee also suffered from shock. The doctor further testified that he strapped the patient's back with wide strips of adhesive plaster running from one groin around the back to the other groin for the purpose of keeping the lower back rigid so that the patient could not bend; that if he does not bend or turn or use those muscles he doesn't have as much pain. The doctor further testified that he continued these treatments over a period of about a month, and further testified as follows:

624

"Q. What effect would the injuries of the type sustained have upon his ability to walk without any pain and discomfort for a certain length of time?

A. Chiefly the periostitis and the injury to his back I believe would incapacitate him as far as activity goes, not walking he might be able to walk to the office or be brought to my office but standing on his feet or doing any work I don't think that was advisable or possible."

The doctor further testified that loss of weight could be attributed to the injury, and that it is possible that the dizziness which appellee sustains when he attempts to get up on ladders to carry on his trade as a painter could be connected with the accident.

We find nothing in the record, nor has our attention been called to anything therein, which may have excited the passion and prejudice of the jury or unduly influenced the jury in returning the verdict of $2,000.00. It is the province of the jury to award such damages as the evidence shows the injured person has sustained or as will probably result from such injury. The appellee having been engaged in his trade as a painter before the accident, and the evidence seeming to indicate with reasonable certainty that he has not been able to follow his trade since 1931; that he has suffered considerable pain, and while there is no showing of the amount of wages actually lost, we think the jury was warranted in finding from the evidence in this case that appellee had sustained substantial damages. We can not usurp the function of the jury in determining these damages and are unable to find from the record that the same are excessive, or that the verdict of the jury is manifestly against the weight of the evidence.

The appellant offered no medical testimony to enlighten the jury or to contradict the evidence offered by the plaintiff.

We are unable to say that substantial justice has not been done in this case, and having considered the only error assigned and finding no error in the record prejudicial to the appellant, the judgment of the Common Pleas Court must be and the same is affirmed.

Judgment affirmed.

CARTER and ROBERTS, JJ, concur.